IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID HUGH BALES, #178 239, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-714-WKW |
| ) | [WO] |
| CORIZON MEDICAL SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed this 42 U.S.C. § 1983 on August 29, 2016.[1] The matter is pending on Plaintiff's amended complaint filed against Dr. Jean Darbouze and Corizon Medical Services.[2] Doc. 7. In the amended complaint, Plaintiff seeks to challenge the provision of medical care provided by Defendants. Specifically, Plaintiff states he suffered a heart attack on October 16, 2012. Although Dr. Darbouze was notified of the incident, Plaintiff complains the physician delayed calling an ambulance for over twelve hours during which Plaintiff suffered heart attack pain. Dr. Darbouze's conduct,

---

[1] Although the Clerk stamped the present complaint "filed" on August 30, 2016, Plaintiff signed his complaint on August 29, 2016. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of the proceedings herein, the court considers August 29, 2016, as the date of filing.

[2] On September 19, 2016, the court entered an order directing Plaintiff to file an amended complaint. The order informed Plaintiff that any claims for relief he wished to present that arose from actions which occurred before August 29, 2014, were barred by the two-year period of limitation applicable to 42 U.S.C. § 1983 actions filed in this court. The September 19 order also informed Plaintiff that his amended complaint should name as defendants those individuals he contended were personally responsible for the alleged violations of his constitutional rights and should describe how each defendant listed in the amended complaint acted in a manner that deprived him of his constitutional rights. *See* Doc. 4.

Plaintiff claims, caused him irreparable heart and lung damage. Despite Dr. Darbouze's alleged incompetence, Plaintiff asserts that Defendant Corizon Medical Services continues to employ him which reflects the providers' deliberate indifference to their patients.  Doc. 7 at 1-2.

Under 28 U.S.C. § § 1915(e)(2)(B), this court is required to screen complaints filed by prisoners proceeding *in forma pauperis* against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[3] The court has carefully reviewed the allegations in Plaintiff's amended complaint. From that review, the court concludes that dismissal of the amended complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## II.  DISCUSSION

**A.  Claims Barred by the Statute of Limitations.**

Plaintiff's attempt to assert a challenge to the conduct of Defendants which occurred on October 16, 2012, is filed outside the statute of limitations applicable to a federal civil action filed in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

---

[3] By order of September 19, 2016, the court granted Plaintiff leave to proceed *in forma pauperis*.  Doc. 3.

2

The allegations relative to Plaintiff's deliberate indifference claim against Defendants occurred on October 16, 2012. The limitations period begins to run when the cause of action accrues, and this is a question of federal law. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury. *Id.* at 561–62. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[4] Thus, the statute of limitations began to run on the claims arising from the challenged conduct on October 12, 2012. The limitation period ran uninterrupted until it expired on October 16, 2014. Plaintiff filed this action on August 29, 2016. This filing occurred over one year after expiration of the limitation period. Thus, the statute of limitations on those claims Plaintiff presents regarding actions that occurred on or before October 16, 2012, expired on October 16, 2014, and review of these claims is, therefore, barred by the two-year period of limitations.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin [v. State of Oregon]*, 563 F. Supp. [1310,] 1330, 1332 [(D.C. Oregon 1983)]." *Id.* at n.2.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively

---

[4]This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the amended complaint, Plaintiff has no legal basis on which to proceed regarding the challenge to the conduct and/or actions of Defendants as he filed this cause of action over two years after the challenged conduct occurred. As noted, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Plaintiff's claims expired over one year prior to him filing the instant complaint, and these claims are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark*, 915 F.2d 636.

**B.  Defendant Corizon Medical Services**

Even if Plaintiff could demonstrate that his claims against the medical provider, Corizon Medical Services, are not barred by the statute of limitations, his complaint against this defendant is subject to dismissal under 28 U.S.C. § 1915 (e)(2)(B)(ii). In a § 1983 action, the corporate medical provider for prison inmates cannot be held liable for the acts of its employees. *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *accord Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (finding that § 1983's municipality law is to be applied to a corporate medical provider); *see Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of respondeat superior simply because it employs a tortfeasor). A corporate medical provider's liability may be implicated because of its direct involvement regarding the injury complained of and/or because of a policy or procedure alleged to have caused the constitutional deprivation. *Ort*, 786 F.2d at 1107; *see Monell*, 436 U.S. at 694. Here, Plaintiff's allegations concern actions taken

4

by an individual physician. Regarding the medical provider, Plaintiff simply complains this entity employs, in his opinion, an unqualified employee. Consequently, the court finds Plaintiff has failed to state a viable § 1983 claim against Defendant Corizon Medical Services. This defendant is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  Plaintiff's claims against the named defendants challenging events which occurred on or before October 16, 2012, be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(3)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the period of limitation;

2.  The § 1983 claims presented against Defendant Corizon Medical Services, to the extent they are not barred by the statute of limitations, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3.  The complaint be DISMISSED prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before February 17, 2017**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

5

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of January, 2017.

/s/Terry F. Moore
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE